

FILED

MAR 2 1 2007 *ᴿ₀*

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

ROSE WEISTOCK,         *

           *

      Plaintiff       *

  v.               *     Civil Action No.:

ROBERT LEVIN, M.D. et al.   *

                     **07CV1678**

     Defendants.    *    **JUDGE LINDBERG**

                     *    **MAG.JUDGE NOLAN**

     *    *    *    *    *

## DEFENDANTS' NOTICE OF REMOVAL

TO:    United States District Court For the District of Maryland (Northern Division):

Pursuant to 28 U.S.C. § 1441, 1446 (b), Defendants, Robert Levin, M.D. and Midwestern

Regional Medical Center, Inc., hereby remove this action, *Rose Weistock v. Robert Levin, M.D.,*

*et al.*, Case No. 24-C-06-007621, from the Circuit Court for Baltimore City, Maryland to the

United States District Court for the District of Maryland, and state as follows:

    1.    Rose Weistock, the plaintiff herein ("Plaintiff"), brought this medical malpractice

action against Dr. Levin and Midwestern Regional Medical Center, Inc. *See* Complaint attached

as Exhibit Λ.

    2.    There is federal jurisdiction over this removed action pursuant to 28 U.S.C § 1441

because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332.

Specifically, this Court has jurisdiction over this action because there is the requisite diversity of

citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## JURISDICTIONAL BASIS FOR REMOVAL

3.      The Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between the Plaintiff and the Defendants; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.      Diversity of Citizenship

4.      Plaintiff is a Maryland resident. *See* Exhibit A, ¶ 1.

5.      Defendant, Robert Levin, M.D., is a resident of Illinois who carries on his regular business solely in Illinois.

6.      Defendant, Midwestern Regional Medical Center, Inc. is an Illinois corporation with its principal place of business in Illinois.

7.      This case is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Moreover, none of the defendants named in the Complaint is a citizen of the State of Maryland. *See* 28 U.S.C. § 1441(b). Accordingly, there is the requisite diversity of citizenship between the parties.

### B.      Amount in Controversy

8.      Plaintiff's Complaint alleges damages in an amount in excess of $5,000,000.00. *See* Exhibit A.

9.      Because Plaintiff seeks damages in excess of $75,000.00, the requisite amount in controversy for federal jurisdiction is satisfied.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

10. On October 16, 2006 counsel for Plaintiff sent Steven Kroll, Agent for Midwestern Regional Medical Center, Inc. a copy of the Complaint. Midwestern Regional Medical Center, Inc. was served by mail on October 23, 2006. Dr. Levin received service of the Complaint on October 28, 2006. Because this Notice of Removal is being filed within 30 days of the date of receipt of Plaintiff's Complaint, it is timely filed under 28 U.S.C. § 1446(b).

11. Copies "of all process, pleadings, documents and orders" served upon Defendants are attached to this Notice of Removal as Exhibit B, as required by Local Rule 103.5(a). *See also* 28 U.S.C. § 1446(a).

12. Defendants file and present herewith the sum of $350.00.

13. The United States District Court for the District of Maryland (Northern Division) embraces the City of Baltimore in which the state court action is now pending, and thus, venue is proper for this action pursuant to 28 U.S.C. § 100(1).

14. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal, in substantially the form attached hereto as Exhibit C (without exhibits) with the Clerk of the Circuit Court for Baltimore City. A copy of Defendant's Notice to the Circuit Court for Baltimore City of Filing of Notice of Removal to the United States District Court, together with this Notice of Removal, is being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, Robert Levin, M.D. and Midwestern Regional Medical Center remove this action bearing Case No. 24-C-06-007621, from the Circuit Court for Baltimore City to this Court, pursuant to 28 U.S.C. § 1441.

-3-

Dated: November 16, 2006

Respectfully submitted,

Donald L. DeVries, Jr. (Federal Bar No. 04889)
Janet A. MacDonald (Federal Bar No. 06578)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000 Telephone
(410) 783-4040 Facsimile
**Attorneys for Defendants Robert Levin, M.D. and
Midwestern Regional Medical Center**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that in this ___day of November, 2006, a copy of the Notice of Removal was mailed, postage prepaid, to:

Mark T. Mixter
Law Offices of Mark T. Mixter
20 South Charles Street
Ninth Floor, Sun Life Building
Baltimore, Maryland 21201


Ronald S. Kowitz
44 Westminster Road
Reisterstown, Maryland 21136

**Attorneys for Plaintiff**

Janet A. MacDonald

807430

-5-

ROSE WEISTOCK                                    *
9039 Meadow Heights Rd.                          *
Randallstown, Maryland 21133                     *
Individually, and as Personal                    *      IN THE
Representative of the                            *
Estate of HARVEY WEISTOCK                        *      CIRCUIT COURT
                                                 *
    Plaintiffs                               *      OF MARYLAND
                                                 *
v.                                               *      FOR
                                                 *
ROBERT LEVIN, MD                                 *      BALTIMORE CITY
C/O MIDWESTERN REGIONAL                          *
  MEDICAL CENTER                                 *
2520 Elisha Avenue                               *
Zion, IL 60099                                   *      CASE NO.: _____
                                                 *
and                                              *
                                                 *
MIDWESTERN REGIONAL                              *
  MEDICAL CENTER                                 *
2520 Elisha Avenue                               *
Zion, Illinois 60099                             *
                                                 *
      Serve On:                              *
      Steven L. Kroll, Agent                 *
      2520 Elisha Avenue                     *
      Zion, Illinois 60099                   *
                                                 *
    Defendants                               *
                                                 *
*   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT AND ELECTION OF JURY TRIAL

**EXHIBIT** A

## COMPLAINT

Rose Weistock, individually and as personal representative of the Estate of Harvey Weistock, by her attorneys, Mark T. Mixter and the Law Offices of Mark T. Mixter, along with co-counsel, Ronald S. Kowitz, brings this suit against the defendants, Robert Levin, MD and Midwestern Regional Medical Center, and in support thereof, states as follows:

1.     Plaintiff, Rose Weistock, is a resident of Baltimore County, Maryland.

2.     The decedent, Harvey Weistock, at all times relevant to this Complaint, was a resident of Baltimore County, Maryland.

3.     Defendant, Robert Levin, MD (hereinafter "Levin"), carries on an occupation as a medical doctor in Zion, Illinois.

4.     Defendant, Midwestern Regional Medical Center (hereinafter "Midwestern") , has a principal place of business in Zion, Illinois.

## FACTS COMMON TO ALL COUNTS

5.     Defendant, Midwestern Regional Medical Center, actively advertise, solicits and obtain cancer patients from Baltimore City, Maryland via television advertisements on the major television stations operating in Baltimore City, Maryland. Furthermore, defendant, Midwestern Regional Medical Center, actively solicits cancer patients from Baltimore City, Maryland via its website on the internet. Lastly, defendant, Midwestern Regional Medical Center via its employees, agents and servants consult with cancer patients located in Maryland.

2

6.    In April, 2004, Harvey Weistock (hereinafter "Mr. Weistock") underwent pre-operative testing for a routine surgical procedure. The testing included, *inter alia*, a chest x-ray which revealed a possible tumor in Weistock's lungs. Thereafter, Mr. Weistock underwent a bronchoscopy which revealed that he had lung cancer.

7.    Mr. Weistock was formally diagnosed with advanced, stage 3B, non-small cell lung cancer. Additionally, Mr. Weistock was known to have chronic renal insufficiency and non-ischemic dilated cardiomyopathy.

8.    Upon notification of his cancer diagnosis, Mr. Weistock and his wife, Rose, consulted with Dr. Rodrigo B. Erlich, an oncologist at the Lapidus Cancer Institute at Sinai Hospital of Baltimore.

9.    After consulting with Dr. Erlich, the Weistocks decided to seek a second opinion and contacted Midwestern Regional Medical Center in Zion, Illinois. Midwestern sent the Weistocks a marketing information packet and informational videotape about the hospital. After reviewing the marketing materials, Mr. Weistock's medical records were sent to Midwestern for review.

10.    Midwestern paid the Weistock's expenses to fly to Illinois for three (3) days, during which time they were given a thorough tour of the facility, and Mr. Weistock underwent various tests to determine his medical condition and the proper course of treatment.

3

11.     The Weistocks were so impressed with the Midwestern facility and their recommended course of treatment that they decided that Mr. Weistock would stay in Illinois to immediately begin his first course of treatment while Mrs. Weistock returned home to Maryland.

12.     On or about May 24, 2004, Mr. Weistock began his first of seven (7) cycles of chemotherapy treatment utilizing, *inter alia*, the drugs Carboplatin and Taxatere, and/or other platinum-based drugs. After he completed his first cycle of chemotherapy, Mr. Weistock flew home to Maryland.

13.     On or about October 29, 2004, Mr. Weistock's chemotherapy regimen was changed to Alimta with DDP, to be administered every three (3) weeks. This regimen was continued through Mr. Weistock's last cycle which began on or about April 6, 2005, and was prescribed to continue until July of 2005, when Mr. Weistock's next evaluation was scheduled to take place.

14.     Common side effects which occur as a result of the administration of chemotherapy drugs such as those administered to Mr. Weistock include, *inter alia*, decreased kidney function and/ or kidney failure. Accordingly, to reduce the incidence of such anticipated problems, patients submit to regular blood tests, the results of which will alert the patient's treating providers as to the onset of decreased kidney function and/or kidney failure, and allow them to take any medically necessary actions to keep such instances under control.

4

15.     In April of 2005, Mr. Weistock returned home to Maryland after receiving a treatment cycle of chemotherapy at Midwestern. He immediately became ill and was admitted to Sinai Hospital where he was placed on hemodialysis due to kidney failure.

16.     The chemotherapy treatments administered to Mr. Weistock by Dr. Levin and Midwestern resulted in severe bone marrow aplasia and mucositis. Mr. Weistock's kidney function never returned to baseline and his kidney failure ultimately contributed to worsening anemia, pulmonary edema, refractory nausea and congestive heart failure requiring intubation.

17.     Mr. Weistock ultimately died as a result of the medical conditions set forth above, which were caused and/or exacerbated by the chemotherapy drugs administered by Dr. Levin and Midwestern.

18.     As a result of the many medical complications caused by the chemotherapy drugs administered by Dr. Levin and Midwestern, Mr. Weistock was forced to suffer from a very poor quality of life during the last months of his life.

## COUNT I - NEGLIGENCE

19.     Plaintiffs hereby incorporates by reference the averments set forth above in Paragraph Nos. 1 through 18, as if fully and completely restated here.

20.     Plaintiff, Rose Weistock, is the wife and personal representative of the estate of the decedent, Harvey Weistock.

5

21. That from May 2004 through April 2005, Mr. Weistock was treated for advanced, stage 3B, non-small cell lung cancer by defendants, Robert Levin, MD and Midwestern Regional medical Center.

22. That at all times during his treatment, defendants Levin and Midwestern owed Mr. Weistock a duty to take reasonable measures, including, but not limited to, the monitoring of Mr. Weistock's blood studies to ensure that the chemotherapy treatments he was receiving were not damaging his other bodily organs.

23. Defendants breached the duty of care owed to Mr. Weistock to monitor his blood studies by failing to take corrective action when his creatinine levels rose above normal limits.

24. As a direct and proximate result of the defendants' breach of those duties owed to Mr. Weistock, his kidneys failed, resulting in, and/or exacerbating, other medical conditions, including, but not limited to: severe bone marrow aplasia, mucositis, anemia, pulmonary edema, refractory nausea and congestive heart failure requiring intubation, eventually leading to his death, on September 8, 2005.

25. Furthermore, as a direct and proximate result of defendants' negligence, Rose Weistock has lost and will continue to lose the love, affection, companionship, comfort, society, protection, care, attention, counsel and guidance of her husband, Harvey Weistock.

6

26.    In addition, as a direct and proximate result of defendants' negligence,
Rose Weistock has been deprived of all the financial benefits that she was receiving and
would in the future receive from her husband, Harvey Weistock.

27.    Furthermore, as a direct and proximate result of defendants' negligence,
Rose Weistock has suffered and will continue in the future to suffer, mental anguish,
emotional pain and suffering, loss of companionship, and other losses.

WHEREFORE, plaintiff, Rose Weistock, demands judgment against the defendants,
Robert Levin, MD and Midwestern Regional Medical Center, jointly and severally, in the
amount of Five Million Dollars ($5,000,000.00), including costs and interest from
September 8, 2005.

## COUNT II - SURVIVORSHIP

28.    Plaintiffs hereby incorporates by reference the averments set forth above
in Paragraph Nos. 1 through 27, as if fully and completely restated here.

29.    As a direct and proximate result of the negligence of the defendants, as set
forth above, as well as other acts of negligence, Harvey Weistock was caused to sustain
severe pain and suffering, extraordinary medical expenses and other damages, including
funeral expenses.

30.    Plaintiff, Rose Weistock, as Personal Representative of the Estate of Harvey
Weistock, is authorized by virtue of Md. Code Ann., Trust and Estates Art. § 7-401, to
prosecute this action for the benefit of the Estate.

7

31. Plaintiff, Rose Weistock, as Personal Representative of the Estate of Harvey Weistock, is entitled to recover (a) medical expenses; (b) funeral and burial expenses; and (c) pain and suffering experienced by Harvey Weistock (deceased) during the time between the defendants' negligence and the ultimate and untimely death of Harvey Weistock (deceased).

WHEREFORE, plaintiff, Rose Weistock, as Personal Representative of the Estate of Harvey Weistock, demands judgment against the defendants, Robert Levin and Midwestern Regional Medical Center, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00), including costs and interest from September 8, 2005.

Mark T. Mixter
Law Offices of Mark T Mixter
20 South Charles Street
Ninth Floor, Sun Life Building
Baltimore, Maryland 21201
(410) 539-8415

Ronald S. Kowitz
44 Westminster Road
Reisterstown, Maryland 21136
(410) 526-0050

8

## REQUEST FOR JURY TRIAL

Plaintiffs hereby requests that this matter be tried before a jury.

_____

Mark T. Mixter

9