**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSE WEISTOCK, Individually and as Personal Representative of the Estate of HARVEY WEISTOCK, Deceased, | ) ) ) | |
| | ) | No.   1:07-cv-1678 |
| Plaintiff | ) | |
| | ) | Judge Lindberg |
| Vs. | ) | |
| | ) | |
| MIDWESTERN REGIONAL MEDICAL CENTER and ROBERT LEVIN, M.D. | ) ) | Magistrate Judge Nolan |
| | ) | |
| Defendants | ) | |

**AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, ROSE WEISTOCK, Individually and as personal representative of the Estate of HARVEY WEISTOCK, Deceased, by and through her attorneys, STOTIS & BAIRD CHARTERED and LAW OFFICES OF MARK T. MIXTER, and hereby complains of the Defendants, ROBERT LEVIN, M.D. and MIDWESTERN REGIONAL MEDICAL CENTER, as follows:

**JURISDICTION AND VENUE**

1.      That the Plaintiff, Rose Weistock, is a resident of Baltimore County, Maryland.

2.      That the decedent, Harvey Weistock, at all times relevant to this Complaint, was a resident of Baltimore County, Maryland.

3.      That the Defendant, Robert Levin, M.D. (hereinafter referred to as "LEVIN"), is a citizen of the State of Illinois, with his principal place of business in Lake County, Illinois.

4.      That the Defendant, Midwestern Regional Medical Center (hereinafter referred to as "MIDWESTERN"), is a health care facility with its principal place of business in Zion, Lake County, Illinois.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      This case is between citizens of different states. (See, 28 U.S.C. § 1332(a)(1 )).

7.      Venue is proper in this Court pursuant to 735 ILCS 5/2-101.


## COUNT I – WRONGFUL DEATH

8      That at some time prior to May 24, 2004, Plaintiff's decedent Harvey Weistock was diagnosed with advanced, stage 3B, non-small cell lung cancer.

9.      That on or about May 24, 2004, Mr. Weistock began chemotherapy treatment by Defendants LEVIN and MIDWESTERN at their facility in Lake County, Illinois.

10.      That at all times material hereto, the Defendant LEVIN was an agent and employee of the Defendant MIDWESTERN, and was at all times acting within the scope of said agency.

11.      That at all times material hereto, Defendant MIDWESTERN employed certain agents, including nurses, technicians, and physicians who provided treatment to its patients, including the Plaintiff's decedent.

12.      That Plaintiff's decedent continued in treatment with the Defendants with a series of chemotherapy cycles through the decedent's last cycle which began on or about April 6, 2005.

13.      That patients going through chemotherapy with the drugs being used with the Plaintiff's decedent are at risk for having the drugs cause decreased kidney function and/or kidney failure.

14.     That the standard of care requires that patients going through such treatment submit to regular blood tests to check for signs of the onset of decreased kidney function and/or kidney failure, so that the health care providers can take the required steps to address these potential problems.

15.     That in April of 2005, Mr. Weistock returned home to Maryland and immediately became ill due to kidney failure.

16.     That at all times during his treatment, Defendants LEVIN and MIDWESTERN, through its agents, owed Plaintiff's decedent a duty to use that degree of care and skill used by reasonably well-qualified physicians under circumstances similar to those present in their treatment of Plaintiff's decedent.

17.     That notwithstanding said duty, the Defendants committed one or more of the following negligent acts:

a.      failed to properly monitor the decedent's blood studies;
b.      failed to modify the decedent's treatment in response to the blood studies;
c.      used doses of chemotherapy medications that were greater than reasonable under the circumstances of the decedent's condition.

18.     That as a direct and proximate result of the Defendants' breach of those duties, the Plaintiff's decedent's kidneys failed, causing or contributing to his death on September 8, 2005.

19.     That the decedent is survived by certain heirs at law, including the Plaintiff, Rose Weistock, who were dependent upon him for support, society, and companionship.

20.     That the Plaintiff, Rose Weistock, is the duly appointed Personal Representative of the Estate of Harvey Weistock, deceased, and brings this action under the Illinois Wrongful Death Act.

21.     That attached hereto is the report and affidavit required by law.

WHEREFORE, the Plaintiff demands judgment against the Defendants, ROBERT LEVIN, M.D. and MIDWESTERN REGIONAL MEDICAL CENTER, jointly and severally, in the amount in excess of $75,000.00, together with the costs of this suit.

## COUNT II – SURVIVAL ACTION

22      That the Plaintiffs hereby incorporate by reference the averments set forth above in Paragraph Nos. 1 through 17, as if fully and completely restated here.

23.      That as a direct and proximate result thereof, the Plaintiff's decedent sustained numerous personal injuries causing pain and suffering, disfigurement and disability, and causing him to incur medical bills, all prior to his death.

24.      That the Plaintiff, Rose Weistock, is the duly appointed Personal Representative of the Estate of Harvey Weistock, Deceased, and brings this action under the Illinois Survival Act.

25.      That attached hereto is the report and affidavit required by law.

WHEREFORE, the Plaintiff demands judgment against the Defendants, ROBERT LEVIN, M.D. and MIDWESTERN REGION MEDICAL CENTER, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with the costs of this suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

STOTIS & BAIRD CHARTERED

By:    _____
                Michael S. Baird

**Michael S. Baird**
**STOTIS & BAIRD CHARTERED**
**Attorneys for Plaintiff**
**200 West Jackson Boulevard, Suite 1050**
**Chicago, Illinois 60606**
**312/461-1000**

**Mark T. Mixter**
**LAW OFFICES OF MARK T. MIXTER**
**Attorneys for Plaintiff**
**20 South Charles Street, Ninth Floor**
**Baltimore, Maryland 21201**
**410/539-8415**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROSE WEISTOCK, Individually and as Personal Representative of the Estate of HARVEY WEISTOCK, Deceased, | ) ) ) | |
| | ) | No. |
| Plaintiff | ) | |
| | ) | Judge |
| Vs. | ) | |
| | ) | |
| MIDWESTERN REGIONAL MEDICAL CENTER and ROBERT LEVIN, M.D. | ) ) | Magistrate Judge |
| | ) | |
| Defendants | ) | |

## AFFIDAVIT

I, ERIC M. ROSENFELD, on oath do depose and state as follows:

1.      That I am one of the attorneys representing the Plaintiff in the above captioned matter.

2.      That I have consulted and reviewed the facts of the case with Dr. Rodrigo Erlich, a physician licensed to practice medicine in the State of Maryland, who has been practicing within the last five years.

3.      That Dr. Erlich has determined in a written report, after a review of the relevant medical data, that there is a reasonable and meritorious cause for filing suit.

4.      That in support of said Affidavit, I attach hereto a report from said health professional.

5.      That I make this Affidavit of my own personal knowledge, and if called as a witness, could competently testify to the matters contained herein.

AFFIANT FURTHER SAYETH NOT.

**LAW OFFICES OF MARK T. MIXTER**

BY: _____

Eric M. Rosenfeld

**SUBSCRIBED and SWORN TO before
me this** _16th_ **day of March, 2007.**

_____
**NOTARY PUBLIC**

JEANETTE M. S. CLIFT
Notary Public, State of Maryland
County of Baltimore